Date: 1/2/2013
Time: 08:52 AM
Page 1 of 1

**Wyandotte County District Court**
ROA Report
Case: 2012-LM-009482
Current Judge: Jan A Way

User: LAATTORNEY

Jimmy D Settle  vs.  Credit World Services, et al

Other Tort

| Date | | Judge |
|------|------|-------|
| 12/7/2012 | Petition<br>Document title: PETITION FOR DAMAGES<br>Document ID: 1787667 | Jan A Way |
| | Praecipe<br>Document title: PRAECIPE<br>Document ID: 1787668 | Jan A Way |
| | Order<br>Document title: APPLICATION AND ORDER FOR APPOINTMENT OF SPECIAL PROCESS SERVER<br>Document ID: 1787669 | Jan A Way |
| | Hearing Scheduled  (Answer Hearing  01/14/2013 09:00 AM) | Jan A Way |
| | Summons:  Issued to Credit World Services on 12/7/2012; Assigned to Attorney. Service Fee of $0.00. | Jan A Way |
| | Summons:  Issued to Kim Doe on 12/7/2012; Assigned to Attorney. Service Fee of $0.00. | Jan A Way |
| | Summons:  Issued to Kelly Doe on 12/7/2012; Assigned to Attorney. Service Fee of $0.00. | Jan A Way |
| | Summons:  Issued to David Hayes on 12/7/2012; Assigned to Attorney. Service Fee of $0.00. | Jan A Way |
| 12/10/2012 | Filing: Limited Civil Docket Fee ($500.01 - $5,000)  Paid by: CENTRAL STATES  Receipt number: 0361989  Dated: 12/10/2012  Amount: $76.00 (Check) For: Settle, Jimmy D (plaintiff) | Jan A Way |

FILED
2012 DEC -7 PM 1: 18
CLERK DISTRICT
WYANDOTTE COUNTY KANSAS

BY

## IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS
### LIMITED ACTIONS DIVISION

JIMMY D. SETTLE )

            **Plaintiff** )

             )

V )

             )

**CREDIT WORLD SERVICES INC** )

**% REGISTERED AGENT > KELLY WILKINSON** )

**KIM DOE** )

**DAVID HAYES** )

**KELLY DOE** )

The above named individuals acting on behalf )

Of Defendant CREDIT WORLD SERVICES INC )

in their official capacity as Agents, Servants, )

Officers, Shareholders, Debt Collector and/or )

Employee(s) )

6000 Martway Street )

Mission Kansas 66202- 3339 )

             )

          **Defendants** )

Case No 12 m948
TRIAL DATE JAN 2 2013
DIVISION NO. 12
CHAPTER 61

## PETITION FOR DAMAGES

1. This is an action brought by an individual consumer, Jimmy D Settle (herein

after referred to as Plaintiff) alleging violations of the Fair Debt Collections

Act 15 USC 1692 et seq (FDCPA) violations of the Fair Credit Reporting Act

15 USC 1681 et seq, (FCRA) & the Kansas Consumer Protection Act,

Chapter 50 Article 6 (KCPA) against Credit World Services Inc, a debt

1



collector, (herein after referred to as CWS) Kim Doe (herein after referred to as KIM) David Hayes (herein after referred to as Hayes) and Kelly Doe (herein after referred to as Kelly) for violations of the Fair Debt Collection Practices Act (FDCPA) 15 USC 1692 et seq as amended, the Fair Credit Reporting Act (FCRA) 15 USC 1681 et seq as amended, the Kansas Consumers Protection Act Chapter 50 Article 6 (KCPA) and other State law claims. The FDCPA, FCRA and the KCPA prevent debt collectors from engaging in abusive, deceptive and unfair collection practices.

2. Plaintiff at all relevant times is an individual adult consumer, not a business, organization, corporation or other entity within the meaning of the FDCPA as defined by 15 USC $1692a (3) and a citizen of the State of Kansas.

3. Defendants Kim, Hayes and Kelly individually are natural persons, not a business, organization, corporation or other entity within the meaning of the FDCPA as defined by 15 USC 1692a (3) acting under the direct supervision and control of defendant CWS as an agent, servant, shareholder, manager, supervisor,  employee, and/or debt collector.

4. The principal purpose of defendant CWS business is the collection of debts already in default by use of the mails and telephone within the meaning of the FDCPA as defined by 15 USC 1692a (6) defendant CWS regularly collects

or attempts to collect, directly or indirectly debts owed or due or asserted

to be owed to another in the collection of "debts" as defined by

15 USC1692a (5) in the State of Kansas and have a principal place of

business located at 6000 Martway Street, Mission Kansas 66202

5. Defendant CWS as of this date is a registered and licensed company in good

standing with the Kansas Secretary of State.

## JURISIDICTION AND VENUE

6. Jurisdiction of this court arises under 15 USC 1692k(d) 15 USC 1681p and

supplemental jurisdiction exists for state law claims pursuant to 28 USC

$1367

7. Venue lies properly in this court pursuant to 28 USC 1391(b) 15 USC 1681p

Section $618

## COUNT I

## VIOLATIONS OF THE FAIR DEBT CREDIT REPORTING ACT (FCRA)

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

Plaintiff reiterates and incorporates paragraphs one (1) thru seven (7) and

any/all unnumbered paragraphs and/or general paragraphs as if fully

restated herein;

3

8. At all pertinent times hereto, Defendant CWS was acting by and through its agents, servants, officers, supervisors, managers, shareholders, debt collectors and/or employees who were acting within the scope and course of their employment, under the direct supervision and control of defendant CWS herein were hired to collect an alleged debt from the plaintiff in the alleged amount of $90.76 owed to KCP&L the debt, alleged to be for services arising out of transaction(s) in which the money, property, insurance or services which are the subject of the transaction(s) were primarily for personal, family or household purposes, whether or not such obligation has been reduced to judgment, within the meaning of the FDCPA 15 USC 1692 (a)(5) Defendant CWS attempted collection of the alleged debt satisfies the statue's definition of 'DEBT relating to the alleged original KCP&L account in the amount of $90.76 (herein after the "debt")

9. Defendant CWS first payment demand was made in a written communication to the plaintiff on October 5th 2011, this INTIAL communication was a **PAYMENT DEMAND** in the amount of $90.76, this initial communication failed to comply fully with the mandatory language as set forth in the FDCPA 15 USC 1692g Section $809(a)(5)(b) CWS dun

4

letter of October 5th 2011 complied with FDCPA 15 USC 1692g Section 809(a)(3)(4)(5)

(a) " within five days after the initial communication with a consumer in connection with the consumer with the collection of any debt, a debt collector shall send the consumer written notice containing

(3) "a statement that unless the consumer within thirty days after the receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector"

(4) "a statement that if the consumer notifies the debt collector in writing within the thirty day period that the debt or any portion thereof is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector" and

(5) "a statement that upon the consumers written request within the thirty day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor"

10.   CWS dun letter of October 5th 2011 omitted a crucial paragraph legally required by the FDCPA 15 USC 1692g Section (5)(b) "if the consumer

notifies the debt collector in writing within the thirty day period

described in subsection (a) that the debt or any portion thereof is

disputed or that the consumer requests the name and address of the

original creditor, the debt collector shall cease collection of the debt, or

any disputed portion thereof until the debt collector obtains verification

of the debt or any copy of a judgment, or the name and address of the

original creditor and a copy of such verification or judgment, or name and

address of the original creditor is mailed to the consumer by the debt

collector"

11. CWS within the meaning of the FDCPA 15 USC 1692g has failed to comply

with the act and therefore CWS has violated Section $809(a)(5)(b)

12. Plaintiff on October 12th 2011 timely in a written communication to CWS

disputed this alleged debt in full.

13. Kim in a RECORDED telephone communication with the plaintiff on October

12th 2011 provided plaintiff with CWS fax number and further made an

attempt to collect the alleged debt of $90.76 that Kim alleged that plaintiff

owed to CWS client KCP&L. Kim during this telephone communication

within the meaning of FDCPA 15 USC 1692e failed to comply with Section

807(11) Kim failed to communicate to the plaintiff that "THIS CALL WAS

**FROM A DEBT COLLECTOR AND THAT ANY INFORMRTION OBTAINED**

**WOULD BE USED FOR THAT PURPOSE"**

14. Hayes in a **RECORDED** telephone communication with the plaintiff on

October 13th 2011 verified that CWS had received plaintiffs dispute of the

alleged debt, Hayes again on October 29th 2011 in a RECORDED telephone

conversation with the plaintiff attempted to again collect the alleged dept

of $90.76 that plaintiff owed to CWS client KCP&L.  Hayes within the

meaning of FDCPA 15 USC 1692e failed to comply with Section 807(11) on

the two telephone communications and therefore Hayes violated Section

807(11) when he failed to communicate to the plaintiff the mandatory

language required by Section 807(11) **"THAT THIS CALL WAS FROM A DEBT**

**COLLECTOR AND THAT ANY INFORMATION OBTAINED WOULD BE USED**

**FOR THAT PURPOSE"**

15. Kelly in a **RECORDED** telephone communication with the plaintiff on

February 17th 2012 informed the plaintiff  that the alleged debt had been

validated and that plaintiff needed to pay the $90.76 that plaintiff owed to

CWS client KCP&L. Kelly within the meaning of FDCPA 15 USC 1692e failed

to comply with and therefore violated Section 807(11) when she failed to

communicate to the plaintiff the mandatory language required by Section



**807(11) "THAT THIS CALL WAS FROM A DEBT COLLECTOR AND ANY**

**INFORMATION OBTAINED WOULD BE USED FOR THAT PURPOSE"**

16. Defendant CWS employees, Kim, Hayes & Kelly in four separate recorded communications with the plaintiff had on 10/12/11 10/13/11 and 02/17/12 failed to state that the total amount due was only the principal balance and that no other unauthorized, unexplained, unlawful, undocumented charges had been added to, and were included in the alleged balance due of $90.76 therefore all of the above named defendants have acted in a false, fraudulent, deceptive, misleading and unfair manner by misrepresenting the amount, character and/or legal status of the debt within the meaning of the FDCPA 15 USC 1692e and therefore their acts have violated Section $807(2)(a) further defendants Kim, Hayes and Kelly have engaged in unfair practices within the meaning of 15 USC 1692f and has therefore violated Section $808 (1), as the result of defendants CWS, Kim, Hayes and Kelly's conduct described above, plaintiff has suffered actual damages in the form of (a) out of pocket expenses (b) lost credit opportunities (c) harm to credit reputation and credit score and (d) emotional distress.

17. Plaintiff has never been provided with any documentation setting forth the dates of the alleged relationship, contractual or otherwise agreement made

8

between the plaintiff and CWS client KCP&L without the required proof

there is no debt.

18   The collection or attempt to collect any amount unless the amount is

expressly authorized by the agreement creating the debt or permitted by

law, within the meaning of the FDCPA 15 USC 1692f violates Section

$808(1) CWS has never provided plaintiff with a copy of the original

agreement authorizing them to add any additional charges to the alleged

debt.

19   Defendants Kim, Hayes & Kelley's four communications  have mislead

plaintiff about the alleged amounts of $90.76 that plaintiff owed to KCP&L

not only did Kim, Hayes & Kelly not specifically indicate the date as of

which the Balance of $90.76 was due, but failed to state that the alleged

balances of $90.76 was the full amount of the debt,  it also was potentially

misleading for the "least sophisticated consumer" who could readily

conclude that the total amount stated as due $90.76 was due at any time,

when in fact it was not and was subject to adjustment by the creditor on a

periodic bases

20   All of the above named individual defendants during recorded

communications with plaintiff on the dates set forth above, in their attempt

to collect the unverified "debt" were acting on behalf of KCP&L as a custodian of his records and by doing so, made the false, misleading, unfair and deceptive statement(s) that they had "personal knowledge" that the statement of plaintiffs account reveals that the plaintiff on 10/12/11, 10/13/11, 10/29/11 and 02 17/12  owed a balance of $90.76 to KCP&L Defendants Kim, Hayes and/or Kelly have never produced any documentation confirming that plaintiff ever owed the alleged "debt"

21   None of the above individually named defendants have ever had any actual knowledge that KCP&L had ever provided any services on behalf of the plaintiff on the dates set forth above with either a balance of $90.76 for services rendered.

22   None of the individual named defendants were ever in physical possession of the books and records kept by KCP&L  relating to the alleged debt, none of the individually named defendants have ever had any actual knowledge or information concerning this alleged "debt" yet all the above named individual defendants formed a belief without any investigation or having any legal documented information to form a belief regarding how KCP&L creates or maintains business books or records to substantiate that plaintiff was responsible for the alleged un documented debt.

23  None of the above named individual defendants have ever had any

knowledge of how any of KCP&L records were created, complied,

transmitted or selected for transmission by KCP&L to defendant CWS

24  All of the above named Defendants have illegal, unlawfully, fraudulently and

falsely misrepresented the character, amount, and/or legal status of the

alleged debt, therefore within the meaning of the FDCPA 15 USC 1692 et seq

have violated Sections $807, $808 & $809, and therefore within the meaning

of FDCPA 15 USC 1692k have committed a civil liability within the meaning

of  Section $813(a)(1)(2) all of the individual defendants acts as alleged in

this petition were done under the direction, supervision and control of

defendant CWS

25  Defendant CWS actions and inactions along with their agents, servants,

officers and/or  employees action and inactions  as set forth above, were

committed maliciously, intentionally willfully, fraudulently recklessly and

negligently in total disregard for  plaintiffs rights under federal and state

law with the purpose  of coercing   plaintiff to pay  the alleged unverified

debt of $90.76.

26  Plaintiff, based upon the facts stated above seeks a declaratory judgment

that all of the above named defendants conduct/practices have violated the

Fair Debt Collection Practices Act, Fair Credit Reporting Act and the Kansas

Consumer Protection Act and therefore the plaintiff is entitled legally and

lawfully to obtain from all of the above named defendants actual damages

within the meaning of FDCPA 15 USC 1692k (a)(2)(B) and further plaintiff is

entitled to damages for willful noncompliance pursuant to FCRA 15 USC

1681n Section $616(a)(1)(A)(B) and further plaintiff is entitled to damages

for negligent noncompliance pursuant to the FCRA 15 USC 1681o Section

$617(a)(1)(2)

Wherefore the reasons set forth above the plaintiff prays for a judgment in

all counts in an amount to be determined at trial against Credit World

services Inc, Kim Doe, David Hayes and Kelly Doe up to but not exceeding

Five Thousand Dollars ($5,000.00) each defendant, Plaintiff further prays for

his costs and expenses and any other relief that the court deems lust, fair

and proper.

Demand for a Jury Trial                    Respectfully submitted;
Kansas City Kansas

Jimmy D. Settle
3125 West 44th Terr
Kansas City Kansas 66103
913 384 1266
stiffer9999@hotmail.com

12

**PRAECIPE**

DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

_Jimmy D. Settle_

_____
                                    Plaintiff

vs.

_Credit World Services Inc_
_King Dae, Kelly Dae - David Hayes_
_____
                                    Defendant

FILED

2012 DEC -7 PM 1:18

WYANDOTTE DISTRICT COURT
COUNTY KANSAS

BY _____

DEPUTY

Case No. _12LM9482_

Div. No. _12_

TO THE CLERK:

ISSUE _____ _Summons_ _____ in the above entitled

cause, returnable according to law and direct the same to the ~~Sheriff of~~ _Special Process_

County, State of _____ to or for the defendant(s) _____

_____

_____

_____

☐ _I REQUEST PERSONAL/RESIDENTIAL SERVICE_ _____

Attorney for _Jimmy D. Settle_

Date issued: _____

By: _____, Deputy.

12MV 307

# IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

## APPLICATION FOR APPOINTMENT OF SPECIAL PROCESS SERVER

BOB J SETTLE WHO IS OVER THE AGE OF EIGHTEEN AND WHO WILL NOT BE A PARTY TO ANY

ACTION THAT REQUIRES HIS SERVICE, HEREBY MAKES APPLICATION TO THE COURT FOR AN

ORDER APPOINTING HIM A SPECIAL PROCESS SERVER UNTIL December 31st 2012.

RESPECTFULLY SUBMITTED,

BOB J. SETTLE
3125 WEST 44TH TERR
KANSAS CITY, KS 66103
913 384 1266

1

/2 M V 3 8 7

# IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

BOB J. SETTLE
3125 WEST 44TH TERR,
KANSAS CITY KS 66103

## ORDER

THE COURT HAS BEFORE IT BOB J SETTLE MOTION FOR AN ORDER APPOINTING HIM AS A
SPECIAL PROCESS SERVER TO SERVE PROCESS TO WHICH HE IS NOT A PARTY UNTIL DECEMBER
31ST 2012. AFTER HAVING REVIEWED THE MOTION THE COURT FINDS THAT THE MOTION BE
GRANTED, IT IS SO ORDERED

DATED AT KANSAS CITY KS
SEPTEMBER 10TH 2012

JUDGE

WYANDOTTE COUNTY DISTRICT COURT

I hereby certify the within is a copy
the a true and correct copy the original
of which is filed in the District Court
to this court.

CLERK DISTRICT COURT
WYANDOTTE CO. KS

DATE

1

**IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS**
**LIMITED ACTIONS DIVISION**

FILED
2013 JAN -2 AM 8: 56
CLERK DISTRICT COURT
WYANDOTTE COUNTY KANSAS
DEPUTY

JIMMY D. SETTLE,

Plaintiff,

v.

CREDIT WORLD SERVICES, INC., "KIM
DOE", DAVID HAYES and "KELLY DOE",
             Defendants.

Case No. 12LM9482BY
Div. 12
Ch. 61

## DEFENDANTS "KIM DOE" & "KELLY DOE'S" LIMITED ENTRY OF APPEARANCE AND MOTION TO DISMISS

COMES NOW Defendants "Kim Doe" and "Kelly Doe", by undersigned counsel, and enter their limited appearance for the purpose of contesting process and service of process. Said Defendants move the Court to dismiss Plaintiff's Petition in the above-captioned case, stating its defenses as follows:

1.     Insufficient process and insufficient service of process: "Kim Doe" and "Kelly Doe" are not sufficiently identifiable legal persons or entities that exist.

2.     Since neither "Kim Doe" nor "Kelly Doe" are identifiable legal persons or entities, service of process on either in this case is invalid as a corporation (Credit World Services, Inc.) cannot accept service on their behalf.

3.     Further, attempting to respond and or defend any lawsuit filed against such vaguely identified persons is futile at best.

WHEREFORE Defendants "Kim Doe" and "Kelly Doe" respectfully request this Court dismiss Plaintiff's Petition, or in the alternative quash service and strike the designation of the Defendants, and for any such other and further relief the Court deems proper and just in the premises.

Respectfully Submitted,
**LARRY ENKELMANN, LLC**

Scott F. Walterbach, KS #23505
Elliott C. Jaros, KS #25591
3000 NE Brooktree Lane, Suite 100
Kansas City, MO 64119
Phone (816) 436-7033, Fax (816) 436-2574
admin@lenklaw.com
ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that this Notice was
sent to the below by US Mail, postage prepaid, on
this January 2, 2013:

Jimmy D. Settle
3125 West 44th Terr.
Kansas City, KS 66103
PLAINTIFF

Scott F. Walterbach/Elliott C. Jaros

FILED

IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS 2013 JAN -2 AM 8: 56
LIMITED ACTIONS DIVISION

CLERK DISTRICT COURT
WYANDOTTE COUNTY KANSAS

JIMMY D. SETTLE,

                      Plaintiff,

v.

CREDIT WORLD SERVICES, INC., "KIM
DOE", DAVID HAYES and "KELLY DOE",
                        Defendants.

Case No. 12LM9482   BY
Div. 12
Ch. 61            DEPUTY

### SEPARATE DEFENDANTS CREDIT WORLD & DAVID HAYES'
### ANSWER WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

#### Answer to Allegations in the Complaint

COME NOW separate Defendants Credit World Services, Inc. ("CWS") and David Hayes (collectively "Defendants"), by undersigned counsel, and state the following in response to the allegations in Plaintiff's complaint contained in corresponding numbers:

1.    Admit so far that Plaintiff has filed this action allegedly under the stated statutes; otherwise denied.

2.    Deny.  Plaintiff has indicated to Defendant(s) he lives in Florida.

3.    Without sufficient information to admit or deny, and therefore deny the same.

4.    Legal conclusion, no response is required.  To the extent a response is required, Defendants are without sufficient information to admit or deny the compound allegations, and therefore deny.

5.    Admit.

6.    Because this action has been brought in State court, the Plaintiff's recitation of a Federal basis for jurisdiction is a legal conclusion which requires no response.  To the extent a response is required, Defendants are without sufficient information to admit or deny, and therefore deny.

7.    Because this action has been brought in State court, the Plaintiff's recitation of a Federal basis for venue is a legal conclusion which requires no response.  To the extent a response is required, Defendants are without sufficient information to admit or deny, and therefore deny.

8.      Admit that CWS is a debt collection agency, but due to the Plaintiff's compounding and unintelligible allegations, Defendants are prejudiced in attempting to respond, and therefore deny the same.

9.      Calls for a legal conclusion and no response is necessary.  To the extent a response is required, Defendants deny.

10.     Deny.  The letter Plaintiff complains of in fact includes almost word for word the exact language quoted by Plaintiff in this allegation.

11.     Calls for a legal conclusion and no response is necessary.  To the extent a response is required, Defendants deny.

12.     Deny.  Plaintiff's correspondence to Defendant(s) speaks for itself.

13.     Deny.

14.     Deny.

15.     Calls for a legal conclusion and no response is necessary.  To the extent a response is required, Defendants deny.

16.     Deny.

17.     Deny.

18.     Calls for a legal conclusion and no response is necessary.  To the extent a response is required, Defendants deny.

19.     Calls for a legal conclusion and no response is necessary.  To the extent a response is required, Defendants deny.

20.     Calls for a legal conclusion and no response is necessary.  To the extent a response is due, Defendants deny.

21.     Without sufficient knowledge to either admit or deny, and therefore deny the same.

22.    Without sufficient knowledge to either admit or deny, and therefore deny the same.

23.    Without sufficient knowledge to either admit or deny, and therefore deny the same.

24.    Calls for a legal conclusion and no response is necessary.  To the extent a response is due,

Defendants deny.

25.    Calls for a legal conclusion and no response is necessary.  To the extent a response is due,

Defendants deny.

26.    Defendants deny almost every allegation set forth in Plaintiff's Petition which consists of

unintelligible and inaccurate statements of both the law and the facts in this matter.  Further,

Plaintiff's Petition consists of random portions of Federal law which appear to be copied and pasted

without any factual basis to support them, nor an explanation of how the cited laws apply to the

facts in this matter. Defendants have reason to believe that Plaintiff's Petition was brought

fraudulently and as a means to harass Defendants over a debt that Plaintiff not only knew he owed,

but in fact paid in full on May 9, 2012 to the original creditor KCP&L.

## AFFIRMATIVE DEFENSES

27.    Plaintiff's complaint fails to state a claim upon which relief can be granted, and therefore

should be dismissed with prejudice.

28.    Defendants are not liable for unintentional violations of 15 U.S.C. §§ 1692-1692p, also

known as the Fair Debt Collection Practices Act, resulting from a bona fide error notwithstanding

the maintenance of procedures reasonably adapted to avoid any such error, and Defendants have

and maintain such procedures.

29.    This action was brought under 15 U.S.C. § 1692 in bad faith and for the purpose of

harassment, and Defendants are entitled to attorneys' fees reasonable in relation to the work

expended, and its costs, all pursuant to 15 U.S.C. § 1692k(a)(3).

30.     Defendants reserve the right to assert such other affirmative defenses as may be discovered.

## COUNTERCLAIMS

### Count I – Malicious Prosecution

31.     Defendants, by undersigned counsel, allege that Plaintiff's complaint filed on December 7,

2012 was a knowingly illegal or improper use of legal process, done for the purpose of harassment

or causing hardship, which resulted in damages to the Defendants.

32.     Plaintiff at all times has known that the underlying debt in this matter was both valid and

past due.

33.     Plaintiff made false statements to Defendants about his residence, specifically claiming that

he resides in Florida, in an attempt to deceive Defendants and avoid his obligation to pay his debts.

34.     Plaintiff and Plaintiff's father (Bob Settle) have been involved in numerous other lawsuits

similar in nature, for the sole purpose of harassing collection agencies who are legally attempting to

collect valid debts.

35.     Plaintiff's Petition follows the exact same format and uses almost identical language as the

Petitions/Complaints in the suits referenced in paragraph thirty-four (34) above.  It is clear that a

scheme has been designed by Plaintiff and Plaintiff's father (both of whom reside at the same

residence) to attempt to avoid payment of their debts by filing unsupported lawsuits against

collection agencies or in the alternative by filing unsupported lawsuits against collection agencies

even after paying the underlying debt which can only be seen as a retaliatory response by Plaintiff.

36.     In this specific matter, Plaintiff in fact paid the underlying debt in full to the original

creditor approximately seven (7) months before the filing of this lawsuit and placed a telephone call

to Defendants to confirm that the payment was received.

WHEREFORE Defendants respectfully request damages and attorneys' fees in an amount that is fair and reasonable as the Court may find, and for such other and further relief that is just in the premises.

### Count II – FDCPA Bad Faith

37.     Defendants incorporate by reference the allegations in Count I above.

38.     This action was brought under 15 U.S.C. § 1692 in bad faith and for the purpose of harassment, and Defendants are entitled to attorneys' fees reasonable in relation to the work expended, and its costs, all pursuant to 15 U.S.C. § 1692k(a)(3).

WHEREFORE having fully answered and responded, Defendants respectfully requests Plaintiff's Petition be dismissed. Defendants further request Judgment in favor of Defendants and against Plaintiff and seek recovery of reasonable attorney fees, as well as any such other and further relief the Court deems just.

Respectfully Submitted,

LARRY ENKELMANN, LLC

Scott F. Walterbach, KS #23505
Elliott C. Jaros, KS #25591
3000 NE Brooktree Lane, Suite 100
Kansas City, MO 64119
Phone (816) 436-7033, Fax (816) 436-2574
admin@lenklaw.com
ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**
The undersigned hereby certifies that this Notice was
sent to the below by US Mail, postage prepaid, on
this January 2, 2013:

Jimmy D. Settle
3125 West 44th Terr.
Kansas City, KS 66103
PLAINTIFF

Scott F. Walterbach/Elliott C. Jaros