IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JIMMY D. SETTLE,<br><br>*Plaintiff,*<br><br>vs.<br><br>CREDIT WORLD SERVICES, INC., et al.<br><br>*Defendants.* | Case No. 13-2013-EFM |

**MEMORANDUM AND ORDER**

In this case, Plaintiff Jimmy D. Settle proceeds *pro se* and asserts claims against Defendants Credit World Services, Inc. ("Credit World Services"), David Hayes, Kim Doe, and Kelly Doe (collectively, "Defendants"). This matter comes before the Court on Plaintiff's Motion to Strike Defendants' Notice of Removal and to Remand Action to State Court (Doc. 3). Plaintiff also filed a subsequent Motion to Remand to State Court (Doc. 7), which advances many of the arguments contained in Plaintiff's original motion. For the reasons articulated herein, the Court denies both of Plaintiff's motions.

### I. Factual and Procedural Background

On December 7, 2012, Plaintiff filed a Petition in the District Court for Wyandotte County, Kansas,[1] alleging violations of the Fair Debt Collection Practices Act

---

[1] Pet., Doc. 1-1, at 2 (Dist. Ct. for Wyandotte Cty., Kan., Case No. 12-LM-9482).

("FDCPA"),[2] the Fair Credit Reporting Act ("FCRA"),[3] and the Kansas Consumer Protection Act ("KCPA").[4] Plaintiff served Defendants with process on the same date. Twenty-eight days later, on January 4, 2013, Defendants filed their Notice of Removal (Doc. 1), which alleged that this Court has original jurisdiction pursuant to 28 U.S.C. § 1331. The notice of removal included a Certificate of Service in which Defendants' counsel certified that he mailed the notice to Plaintiff on the same date. Plaintiff now seeks to strike Defendants' notice of removal and asks the Court to remand the case to the state court in Wyandotte County, Kansas.

## II. Analysis

The Court is mindful that Plaintiff proceeds *pro se* in this case. "A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[5] However, "*pro se* litigants are subject to the same rules of procedure that govern other litigants."[6] "We do not believe it is the proper function of the district court to assume the role of advocate for the *pro se* litigant."[7] For this reason, "the court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues."[8]

---

[2] 15 U.S.C. § 1692, *et seq.*

[3] 15 U.S.C. § 1681, *et seq.*

[4] K.S.A. § 50-623, *et seq.*

[5] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[6] *DiCesare v. Stuart*, 12 F.3d 973, 979 (10th Cir. 1993).

[7] *Hall*, 935 F.2d at 1110.

[8] *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

Courts generally construe a *pro se* Plaintiff's motion to strike a notice of removal as a motion to remand the case to state court.[9] Defendants have a statutory right to remove Plaintiff's state-court case to federal court pursuant to 28 U.S.C. § 1441.[10] That statute provides:

> Except has otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.[11]

This Court has original jurisdiction over this dispute pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law, namely, the FDCPA and the FCRA.[12] Because the Court has original jurisdiction over these claims, it may also exercise supplemental jurisdiction over Plaintiff's KCPA claim, which arises under state law.[13]

Further, Defendants complied with 28 U.S.C. § 1446 by filing their notice of removal within thirty days after receipt of Plaintiff's initial pleading.[14] The record also reflects that Defendants filed a copy of their notice of removal with the Wyandotte County district court pursuant to 28 U.S.C. 1446(d).[15] Although Plaintiff complains that Defendants were not sufficiently prompt in providing notice to the state court, there is no

---

[9] *Mondonedo v. SLM Fin. Corp.*, 2007 WL 2264454, *1 (D. Kan. Aug. 3, 2007).

[10] *See McKenzie v. AAA Auto Family Ins. Co.*, 2010 WL 1816673, *2 (D. Kan. May 5, 2010) (citing 28 U.S.C. § 1441 to summarily deny a *pro se* plaintiff's motion to strike a notice of removal).

[11] 28 U.S.C. § 1441(a).

[12] 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

[13] *Mondonedo*, 2007 WL 2264454 at *1.

[14] 28 U.S.C. § 1446(b)(1).

[15] 28 U.S.C. § 1446(d) (providing that "[p]romptly after the filing of such notice of removal of a civil action the defendant or defendants . . . shall file a copy of the notice with the clerk of such State court."

evidence that Plaintiff was prejudiced by any delay. For these reasons, the Court finds that removal is appropriate and denies Plaintiff's Motion to Strike Defendants' Notice of Removal and to Remand Action to State Court (Doc. 3).

Plaintiff's second Motion to Remand to State Court (Doc. 7) contemplates many of the same arguments discussed herein, but additionally asserts that this Court lacks subject matter jurisdiction. In support of his argument, Plaintiff alleges that the presence of Defendants Kim Doe and Kelly Doe in this action destroys diversity of citizenship among the parties. However, Defendants do not allege that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, but rather, that the Court has federal question jurisdiction under 28 U.S.C. § 1331. For the reasons stated above, this Court has original jurisdiction over Plaintiff's FDCPA and FCRA claims, and the Court has supplemental jurisdiction over Plaintiff's KCPA claim. Accordingly, the Court denies Plaintiff's Motion to Remand to State Court and needs no further briefing from the parties with respect to that motion.

Plaintiff's motions also advance two arguments that do not relate to removal. First, Plaintiff alleges that Defendants' counsel violated Federal Rule of Civil Procedure 11 by falsely certifying that he mailed Plaintiff a copy of the notice of removal on a certain date.[16] Second, Plaintiff alleges that Credit World Services violated Federal Rule of Civil Procedure 7.1 by filing its corporate disclosure statement more than thirty days

---

[16] In a certificate of service attached to Defendants' notice of removal, Defendants' counsel certified that he mailed the notice to Plaintiff on January 4, 2012. Notice of Removal, Doc. 1, at 2-3. Plaintiff alleges that he received the Notice in an envelope that was postmarked ten days later, on January 14, 2013. In support of this argument, Plaintiff attached as an exhibit to his motion a photocopy of the envelope that contained Defendants' notice of removal. Pl.'s Ex. 1, Doc. 3-1. Because the Court cannot ascertain any visible date from the exhibit, the Court cannot conclude that Defendant's counsel signed a false certificate of service.

after filing its first pleading with the Court.[17] However, the Court need not reach these arguments because neither directly relates to the motions for removal currently pending before the Court.

**IT IS ACCORDINGLY ORDERED** that Plaintiff's Motion to Strike Defendant's Notice of Removal and to Remand Action to State Court (Doc. 3) is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand to State Court (Doc. 7) is hereby **DENIED**.

**IT IS SO ORDERED**.

Dated this 28th day of February, 2013.

*Eric F. Melgren*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[17] A corporate party must "file the disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court." Fed. R. Civ. P. 7.1(b)(1). Credit World Services filed its notice of removal on January 4, 2013, but did not file its Corporate Disclosure Statement (Doc. 5) until February 10, 2013, thirty-seven days after its initial pleading. However, Plaintiff has not alleged or demonstrated any unfair prejudice as a result of this seven-day delay.